Curia, per
O’Neall, J.
A valued policy is where the value of the subject matter insured is agreed upon, by the parties : if it is not estimated at any particular amount or rate, it is an open policy. Phill. on Ins. 325. It is obvious that the value of the corn and peas is not fixed by the policy in' the case before us : a sum in gross is insured which is more than their value, and therefore, includes it, but the sum insured is not stated to be the true or estimated value. The policy must, therefore, be considered as *333 an open policy ; and this was conceded by the plaintiffs’ counsel in the argument.
The question as to the custom exempting the assured from providing a branch pilot, in the coasting trade from North Carolina, was one of fact, both as to its existence and reasonableness. It has been fully proved to exist by all the witnesses. Its reasonableness depended upon the proof of its general use, and indeed, I might say, upon its being established as a general custom. For, the proof of a general custom furnishes a strong reason why we should regard it as reasonable. It must be sanctioned by general concurrence in its use for several years before it can be said legally to exist. If it was unreasonable, and of course without necessity, reasonable and prudent men would not continue to peril both life and property to give it existence. From proof of it as the general custom of the trade, we are bound, at least prima facie, to conclude that it is reasonable. The finding of the jury, on this part of the case, •makes it unnecessary to examine it further in detail : if they were satisfied both of the existence and reasonableness of the custom, they had the right to allow it: and we have no means of ascertaining that they have erred in this respect. The underwriters are bound to know the usage of the trade, and hence there was no necessity that the assured should have made it known in their offer. Phill.on Ins. 88, 89. These views dispose of the main questions in the cause. It remains to be considered what damages the assured are entitled to recover. It is clear that they are entitled to recover the value of the corn and peas, at the time the risk commenced. For, although the underwriters stipulate in the policy for a deduction of two per cent, on the loss, yet, as is said by Mr. Phillips in his treatise on Iusurance, 323, the deduction must be added to the value of the loss, and hence, in point of fact, there is no abatement from the actual value. If the insurance was effected on the precise value of the corn and peas, $1767.50, the deduction of two per cent, must be added, which, according to the rule stated by Mr. Phillips, would make the interest insured $1802.85, from which the deduction of two per cent, is to be made when a loss is incurred ; and *334 this process of addition and deduction brings us back to the actual valué, $1767.50. So that, in fact and in law, the stipulation for deduction is to be disregarded in ascertaining the damages on a loss. I was very much inclined to think there was no reason why the premium should be included in the interest insured, but such seems to be the authority. Phill. on Ins. 323. Being included in the insurable interest, it is fairly a part of the damages which the assured are entitled to recover. For it is part of the costs of the thing insured, and when there is a total loss, the premium paid, as well as the value of the thing insured, constitute the damages. According to these views, the plaintiffs were entitled to recover the value of the corn and peas, $1767.50, and the premium, making an aggregate of $1786.50, with interest from the 5th July, 1823.
The charges, in ihe bill of costs, for expenses incurred in executing commissions for the examination of witnesses, were, we think, properly allowed by the clerk in the taxation of the costs. They do not arise out of the fee bill, and are not provided for, or in any way noticed by it; but they are necessary costs and charges actually paid by the party in the course of the case, and ought to be reimbursed by the party who fails in the cause. Such charges have been uniformly allowed as a part of the costs of the suit, and we see no reason why the practice should now be disturbed. Upon the same footing stands the charge for the Notary’s bill. The charge for the travelling of a witness, who lives out of the District where the cause is tried, and for the ferriage paid by him, is allowed, in conformity to the Act of the Legislature. If the witness resides out of the State, that fact will not deprive him of the allowance for travelling and ferriage, within the State.
The motion to reverse the decision of the Judge below, on the taxation of costs, is dismissed. The motion for a new trial is granted, unless the plaintiffs shall enter a re-mittitur on their judgment for $75.50, the excess over and above the sum for which they were entitled to a verdict.
JohNson, J. concurred.